**MEMORANDUM OF PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION IN
SUPPORT OF ENTRY OF THE PROPOSED CONSENT JUDGMENT**

# EXHIBIT A

# DISCLOSURE SCHEDULES[1]

to

AGREEMENT AND PLAN OF MERGER

by and between

MERRILL LYNCH & CO., INC.

and

BANK OF AMERICA CORPORATION

Dated September 15, 2008

---

[1] This Company Disclosure Schedule has been prepared and delivered pursuant to the Agreement and Plan of Merger, dated as of September 15, 2008 (the "Agreement"), by and between Merrill Lynch & Co., Inc., a Delaware corporation (the "Company"), and Bank of America Corporation, a Delaware corporation ("Parent").

This Company Disclosure Schedule and the information and disclosures contained herein are intended to qualify and limit the representations and warranties of the Company contained in the Agreement. Inclusion of any item in this Company Disclosure Schedule (i) shall not be deemed an admission that such item represents a material exception or material fact, event or circumstance or that such item has had or would have a Material Adverse Effect and (ii) shall not constitute, nor be deemed to be, an admission of liability concerning such item by the Company. Nor in such cases where a representation or warranty is qualified by a reference to materiality or Material Adverse Effect shall the disclosure of any matter in this Company Disclosure Schedule imply that any other undisclosed matter that has a greater value or could otherwise be deemed more significant (i) is or is reasonably likely to be material or (ii) has had or is reasonably likely to result in a Material Adverse Effect. Matters reflected in this Company Disclosure Schedule are not necessarily limited to matters required by the Agreement to be reflected in this Company Disclosure Schedule. Such additional matters are set forth for information purposes and do not necessarily include other matters of a similar nature. The headings contained in this Company Disclosure Schedule are for convenience of reference only and shall not be deemed to modify or influence the interpretation of the information contained in this Company Disclosure Schedule or the Agreement.

Terms defined in the Agreement and not otherwise defined in this Company Disclosure Schedule are used herein as defined in the Agreement. This information is disclosed in confidence for the purposes contemplated in the Agreement and is subject to the confidentiality provisions of the Agreement and any confidentiality agreement or non-disclosure agreement executed by the parties hereto relating to the transactions contemplated by the Agreement.

Subsidiaries previously identified by the Company to Parent in writing, in accordance with the transition election program previously described to Parent in writing and otherwise in accordance with Section 409A of the Code provided that such transition election program (i) does not increase the Company's costs, in other than an immaterial respect and (ii) is not applicable to any director or executive officer of the Company or any other member of the Company's Executive Management Team.

- 5.2(b)(iii), 5.2(c)(i) and 5.2 (c)(ii) - Variable Incentive Compensation Program ("VICP") in respect of 2008 (including without limitation any guaranteed VICP awards for 2008 or any other pro rata or other 2008 VICP awards payable, paid or provided to terminating or former employees) may be awarded at levels that (i) do not exceed $5.8 billion in aggregate value (inclusive of cash bonuses and the grant date value of long-term incentive awards) less any 2008 incentive compensation value (other than any value in respect of any replacement cash or long-term incentive awards) in respect of the New Hire Cash Compensation Pool, and (ii) do not result in 2008 VICP-related expense exceeding $4.5 billion, less any 2008 incentive compensation expense (other than any expense in respect of any replacement cash or long-term incentive awards) in respect of the New Hire Cash Compensation Pool. Sixty percent of the overall 2008 VICP shall be awarded as a current cash bonus and forty percent of the overall 2008 VICP shall be awarded as a long-term incentive award either in the form of equity or long-term cash awards. The form (i.e., equity v. long-term cash) and terms and conditions of the long-term incentive awards shall be determined by the Company in consultation with Parent, *provided* that in no event shall such long-term incentive awards contain acceleration or vesting rights (whether single or double trigger and including the rights provided in the applicable Company equity incentive plan) in connection with the Merger (except for any such rights applicable to equity awards granted in satisfaction of a 2008 VICP guarantee to the extent specifically required by the terms of an offer letter entered into prior to September 14, 2008) or any "good reason" termination feature (including vesting in connection with a "good reason" termination, except any good reason termination feature applicable to equity awards granted in satisfaction of a 2008 VICP guarantee to the extent specifically required by the terms of an offer letter entered into prior to September 14, 2008). The allocation of the 2008 VICP among eligible employees shall be determined by the Company in consultation with Parent.

- 5.2(c)(ii), 5.2(c)(iii) and 5.2 (c)(v) - The Company has extended offer letters which have not yet been accepted to the following individuals: (i) Graham Goldsmith; and (ii) Fjodor Duschek.

- 5.2 (c)(ii), 5.2(c)(iii) and 5.2(c)(v) - The Company and its Subsidiaries may: (i) hire employees whose individual annual cash compensation does not exceed $3 million, subject to an annualized cash compensation limit for all such hired employees of up to $100 million in the aggregate (the "New Hire Cash Compensation Pool"); and (ii) hire an unrestricted number of financial advisors in the ordinary course of business consistent with past practice and on terms that are consistent with past practice.

- 5.2 (c)(v) - The Company has entered into an agreement with Rohit D'Souza to terminate his employment as of September 30, 2008.

14