```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  :
                                     :
                Plaintiff,           :
                                     :          09 Civ. 6829 (JSR)
          -v-                        :
                                     :               ORDER
BANK OF AMERICA CORPORATION,         :
                                     :
                Defendant.           :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

    This Court has the obligation, within carefully prescribed limits, to determine whether the proposed Consent Judgment settling this case is fair, reasonable, adequate, and in the public interest. To that end, the Court heard argument on August 10, 2009 and, having insufficient information to make an informed assessment, directed the parties to make initial written submissions on August 24, 2009 responding to certain areas of the Court's concern, to be followed by further written submissions on September 9, 2009. The Court has now received the initial submissions and expresses its gratitude to counsel for the parties for their helpful responses.

    However, review of the initial submissions raises a few additional issues that the Court directs the parties to address (along with responding to their respective adversary's initial submission) in the papers they will be submitting on September 9, 2009.

    The proposed Consent Judgment calls for a $33 million penalty, the burden of which will fall directly on the shareholders

of Bank of America (and arguably indirectly on U.S. taxpayers). Yet the gravamen of the violation asserted in the Complaint is that Bank of America, through its management, effectively lied to its own shareholders. The Securities and Exchange Commission ("SEC"), in its official Statement Concerning Financial Penalties issued in 2006, informed Congress and the public that its official policy was that "Where shareholders have been victimized by the violative conduct, or by the resulting negative effect on the entity following its discovery, the Commission is expected to seek penalties from culpable individual offenders acting for the corporation." Such penalties, unlike corporate fines, would not come out of the shareholders' pockets.

In its August 24th submission, the SEC repeatedly reconfirms its central assertion that "Bank of America's [proxy] statement was materially false and misleading because it indicated to shareholders that Merrill [Lynch] would only make 'required' payments to its employees, such as salary and benefits, but would not pay discretionary year-end bonuses, [whereas] [i]n fact, Bank of America expressly had agreed to allow Merrill to pay up to $5.8 billion in discretionary year-end bonuses." Memorandum of Plaintiff Security and Exchange Commission in Support of Entry of the Proposed Consent Judgment ("SEC Br.") at 20. Yet the same submission asserts that the SEC, despite its 2006 policy quoted above, decided not to bring charges against culpable individual offenders because all the

company's witnesses "stated that they relied entirely on counsel to decide what was or was not disclosed in the proxy statement." Id. at 25. Further, the SEC asserts that it was unable to test this assertion because "Bank of America has not waived the attorney-client privilege [and] [a]s a result, the investigative record does not include any specific rationale as to why the disclosure schedule [revealing the bonuses] or its contents were not disclosed in the proxy statement." Id.

    This is puzzling. If the responsible officers of the Bank of America, in sworn testimony to the SEC, all stated that "they relied entirely on counsel," this would seem to be either a flat waiver of privilege or, if privilege is maintained, then entitled to no weight whatever, since the statement cannot be tested. In asserting that no waiver occurred, the SEC cites just one case, John Doe Co. v. United States, 350 F.3d 299 (2d Cir. 2003), which, on first reading at least, seems hardly to support such a broad assertion applicable to the facts here.

    If the SEC is right in this assertion, it would seem that all a corporate officer who has produced a false proxy statement need offer by way of defense is that he or she relied on counsel, and, if the company does not waive the privilege, the assertion will never be tested, and the culpability of both the corporate officer and the company counsel will remain beyond scrutiny. This seems so at war with common sense that the Court will need to be shown more than a

3

single, distinguishable case to be convinced that it is, indeed, the law.  It also leaves open the question of whether, if it was actually the lawyers who made the decisions that resulted in a false proxy statement, they should be held legally responsible.

The Court recognizes that the Bank of America, having previously been precluded by its tentative settlement with the SEC from denying the Complaint's assertions, has now, in response to the Court's direction to provide the Court with the Bank's own version of the facts, asserted that the proxy statement was neither false nor misleading. Its position, however, is that, rather than put its assertions of innocence to the test, it decided to spend $33 million of shareholders' money to settle the case "so that Bank of America would not face the unnecessary distraction of a protracted dispute with one of its principal regulators at a time when the financial industry continues to face difficult challenges stemming from uncertain and turbulent conditions." Memorandum of Law on Behalf of Bank of America Corporation at 19. Whatever this chain of vague expressions may mean, if it is intended to suggest that Bank of America settled this case to curry favor with the SEC or to avoid retaliation by the SEC, the Court needs to know the specifics.

More immediately, if the Bank of America is correct that the proxy statement was neither false nor misleading, the issues of privilege limned above have less relevance.  Nonetheless, because it is the Bank's privilege that is at issue, and the Bank's lawyers who

are said to have produced the allegedly false proxy statement, the Bank, like the SEC, is directed in the further submissions due on September 9th, to provide its views on the issues raised in this Order.

   SO ORDERED.

                                          _____
                                          JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        August 25, 2009