USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-14-09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
SECURITIES AND EXCHANGE COMMISSION,  :
                                     :
                    Plaintiff,       :    09 Civ. 6829 (JSR)
                                     :
               -v-                   :         ORDER
                                     :
BANK OF AMERICA CORPORATION          :
                                     :
                    Defendant.       :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

Yesterday, the parties submitted the attached "Disclosure Stipulation Agreement and Proposed Protective Order," which they ask the Court to approve. Although the text of the proposed Protective Order is draped in legalese -- with the complete first sentence extending over two-and-a-quarter single-spaced pages and featuring no fewer than nine recitations of the word "Whereas" -- the thrust of the proposal is simple enough. It would allow the Bank of America to waive attorney-client privilege and work-product protection regarding certain categories of information material to this case (and seemingly also relevant to certain ongoing state and federal inquiries) without thereby waiving such privilege and protection regarding other information that may be of interest in related private lawsuits. This comports with new Rule 502 of the Federal Rules of Evidence, amended in 2008, which permits such cabined waivers. The Court wishes to make clear, however, that it interprets the proposed Protective Order as simply protecting Bank of America against any claim that the

stipulated waiver here attached implicitly effectuates a broader waiver; but the Protective Order in no way precludes any party in this or any other case from challenging on any other ground Bank of America's assertion of attorney-client privilege or work-product protection regarding any information.  With this understanding, the Court hereby approves the proposed Protective Order.

     SO ORDERED.

                                                 JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        October 14, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

                v.

BANK OF AMERICA CORPORATION,

                Defendant.

------------------------------------------------------------X

09 Civ. 6829 (JSR)

DISCLOSURE STIPULATION AGREEMENT AND PROPOSED PROTECTIVE ORDER

      WHEREAS, acting pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and Rule 502(a), (b), (d), (e), (f), and (g) of the Federal Rules of Evidence, the United States Securities and Exchange Commission ("SEC") and Bank of America Corporation ("Bank of America") enter into this disclosure stipulation and protective order (the "Disclosure and Protective Order") with respect to the disclosure of certain identified documents, communications, and information in the above-captioned case (the "Action"), which documents, communications, and information may be subject to a claim of attorney-client privilege and/or work-product protection;

      WHEREAS, the SEC has made various discovery requests of Bank of America in the Action;

      WHEREAS, the SEC and Bank of America have engaged in discussions concerning the disclosure of documents, communications and information subject to claims of attorney-client privilege and/or work-product protection;

      WHEREAS, unless specifically prohibited by law, Bank of America has agreed to produce, pursuant to the Federal Rules of Civil Procedure Rules 26 to 34, all documents, communications, and information within its custody or control that (1) are subject to claims of attorney-client privilege and/or work-product protection held by Bank of America and/or Merrill Lynch & Co., Inc. ("Merrill Lynch"), (2) relate to the subject matters set forth below (collectively, the "Subject Matters"), and (3) were generated, prepared or communicated in the period between September 1, 2008 and January 16, 2009 (the "Relevant Period"):

          a. The disclosures to be made in, or omitted from, the joint proxy statement (including any exhibits, amendments, or supplements thereto) issued by Bank of America and Merrill Lynch on November 3, 2008 (the "Proxy Statement") in connection with the merger between Bank of America and Merrill Lynch (the

"Merger"), except for such documents, communications, or information that are not related and/or connected to the payment by Merrill Lynch of variable incentive compensation or other year-end discretionary compensation for the Merrill Lynch 2008 fiscal year ("FY 2008") and/or the contractual rights of Merrill Lynch to make such payments (the "Merrill Lynch Bonuses");

b. Bank of America's consideration of whether to invoke the material adverse change clause of the Bank of America-Merrill Lynch merger agreement dated September 15, 2008;

c. The public disclosure or non-disclosure of any matter relating to any potential impairment of goodwill of Merrill Lynch during its fourth quarter of FY 2008;

d. The public disclosure or non-disclosure, at any time prior to the closing of the Merger, of the financial performance, forecasts, and/or preliminary and interim results of Merrill Lynch for its fourth quarter of FY 2008; and

e. Bank of America's communications with the Federal Reserve Board, the United States Department of the Treasury, and other Federal officials regarding the provision and terms of federal assistance in connection with the Bank of America-Merrill Lynch merger and Bank of America's consideration of disclosure of such assistance or possible assistance.

WHEREAS, the Court has determined that it is in the public interest for the above-referenced documents, communications, and information related to the foregoing Subject Matters to be made available to the SEC;

WHEREAS, in addition to the SEC, the Congress of the United States and certain State and Federal agencies and offices, namely, the United States Department of Justice, the Office of the Special Inspector General for the Troubled Asset Relief Program, the Office of the New York State Attorney General, and the Office of the North Carolina Attorney General (collectively, the "Other Governmental Authorities"), have been engaged in investigations of certain of the Subject Matters, and the Court has determined that it is in the public interest for the above-referenced documents, communications, and information related to the foregoing Subject Matters also to be made available to the Other Governmental Authorities for a contemporaneous understanding of the facts during the Relevant Period;

WHEREAS, Bank of America and certain of its officers have been named in civil actions as set forth in Schedule A hereto and may be named in future civil actions with respect to the Subject Matters (the "Private Litigations");

WHEREAS, Bank of America intends to waive the attorney-client privilege and/or work-product protection with respect only to the Subject Matters and only as to documents, communications, and information generated within the Relevant Period on the Subject Matters and not with respect to any documents, communications or information outside of the Relevant Period and/or that relate solely to the legal defense of the Private Litigations ("Private Litigation Information"); and

2

WHEREAS, it would not be unfair under Rule 502(a) of the Federal Rules of Evidence for a party to consider the documents and information related to the Subject Matters without the (i) the Private Litigation Information or (ii) any documents, communications, and information that may be subject to a claim of attorney-client privilege and/or work-product protection that (a) do not relate to the Subject Matters and/or (b) are outside of the Relevant Period (collectively all, the "Protected Information").

**NOW, THEREFORE,** upon consideration of the record and proceedings herein and the stipulation of the parties;

IT IS ORDERED AND DECREED, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and Rule 502(a), (b), (d), (e), (f), and (g) of the Federal Rules of Evidence, as follows:

1. By entering into this Disclosure and Protective Order and producing documents, communications, and information pursuant to this Disclosure and Protective Order, Bank of America shall be deemed to have waived the attorney-client privilege and work-product protection solely with respect to documents, communications, and information relating to the Subject Matters generated during the Relevant Period and not with respect to Protected Information and that fairness does not require the production of such Protected Information;

2. This Disclosure and Protective Order is without prejudice to: (i) any right of Bank of America or another person to assert in the future a defense based upon reliance of counsel; or (ii) any right of the SEC or another person to contend that such future assertion, depending on the nature of the asserted defense, has effected a broader waiver of attorney-client privilege and/or work-product protection;

3. This Disclosure and Protective Order does not affect any claim of attorney-client privilege and/or work product protection held by persons or parties other than Bank of America and Merrill Lynch; and

4. This Disclosure and Protective Order and the effect of the disclosure made pursuant to this Order in any other proceeding, investigation, or litigation shall be determined under Federal law as interpreted by the United States Court of Appeals for the Second Circuit.

SO STIPULATED AND AGREED.

By _____

David Rosenfeld
George N. Stepaniuk
Alexander M. Vasilescu
Scott Black
Maureen F. Lewis
Joseph O. Boryshansky
  Securities and Exchange Commission
  New York Regional Office
  3 World Financial Center
  New York, NY 10281-1022
  (212) 336-1120

Attorneys for Plaintiff Securities and
Exchange Commission

Dated: October 12, 2009

SO ORDERED:

Dated:   New York, New York
          October __, 2009

By _____

Lewis J. Liman
Shawn J. Chen
Victor L. Hou
  CLEARY GOTTLIEB STEEN &
  HAMILTON LLP
  One Liberty Plaza
  New York, New York 10006
  (212) 225-2000

Attorneys for Defendant Bank of America
Corporation

Dated: October 12, 2009


_____
JED S. RAKOFF, U.S.D.J.

*Securities and Exchange Commission v. Bank of America Corp.*, 09 Civ. 6829 (JSR)

## SCHEDULE A
### to
### DISCLOSURE STIPULATION AGREEMENT AND
### PROPOSED PROTECTIVE ORDER

### Southern District of New York

1. *In re Merrill Lynch & Co., Inc. Securities, Derivative, and ERISA Litig.*, No. 07-CV-9633 (S.D.N.Y.) (including Derivative Action 07-CV-9696)
2. *Blas v. Thain, et al.*, No. 08-CV-7420 (S.D.N.Y.)
3. *Lambrecht v. O'Neal, et al.*, No. 08-CV-6582 (S.D.N.Y.)
4. *Sklar v. Bank of America Corp., et al.*, No. 09-CV-580 (S.D.N.Y.)
5. *Finger Interests Number One, Ltd. v. Bank of America Corp., et al.*, No. 09-CV-606 (S.D.N.Y.)
6. *Fort Worth Employees' Retirement Fund v. Bank of America Corp., et al.*, No. 09-CV-638 (S.D.N.Y.)
7. *Wexler v. Bank of America Corp., et al.*, No. 09-CV-720 (S.D.N.Y.)
8. *Palumbo v. Bank of America Corp., et al.*, No. 09-CV-740 (S.D.N.Y.)
9. *Zitner v. Bank of America Corp., et al.*, No. 09-CV-881 (S.D.N.Y.)
10. *Stabbert v. Bank of America Corp., et al.*, No. 09-CV-928 (S.D.N.Y.)
11. *Welikson v. Bank of America Corp., et al.*, No. 09-CV-1463 (S.D.N.Y.)
12. *West Palm Beach Firefighters' Pension Fund v. Bank of America Corp., et al.*, No. 09-CV-1612 (S.D.N.Y.)
13. *Fauerbach v. Bank of America Corp., et al.*, No. 09-CV-1941 (S.D.N.Y.)
14. *Raphael v. Bank of America Corp.*, No. 09-CV-2350 (S.D.N.Y.)
15. *Sherman v. Merrill Lynch & Co., Inc., et al.*, No. 09-CV-3748 (S.D.N.Y.)
16. *Louisiana Municipal Police Employees Retirement System v. Lewis, et al.*, No. 09-CV-808 (S.D.N.Y.)
17. *Waldman v. Lewis, et al.*, No. 09-CV-834 (S.D.N.Y.)
18. *Hollywood Police Officers' Retirement System v. Lewis, et al.*, No. 09-CV-1174 (S.D.N.Y.)
19. *Siegel v. Lewis, et al.*, No. 09-CV-1331 (S.D.N.Y.)
20. *Smith v. Lewis, et al.*, No. 09-CV-1333 (S.D.N.Y.)
21. *Lehman v. Lewis, et al.*, No. 09-CV-1434 (S.D.N.Y.)
22. *Young v. Lewis, et al.*, No. 09-CV-1561 (S.D.N.Y.)
23. *Anderson v. Lewis, et al.*, No. 09-CV-1572 (S.D.N.Y.)
24. *West Palm Beach Police Pension Fund, et al. v. Lewis, et al.*, No. 09-CV-2581 (S.D.N.Y.)
25. *Westmoreland County Employees Retirement System v. Lewis, et al.*, No. 09-CV-2609 (S.D.N.Y.)
26. *Dailey v. Bank of America, Corp., et al.*, No. 09-CV-851 (S.D.N.Y.)
27. *Wilson v. Bank of America Corp., et al.*, No. 09-CV-880 (S.D.N.Y.)
28. *Adams v. Bank of America Corp., et al.*, No. 09-CV-914 (S.D.N.Y.)
29. *Wright v. Bank of America, et al.*, No. 09-CV-1056 (S.D.N.Y.)

30. *Stricker v. Bank of America Corp. Corporate Benefits Comm., et al.*, No. 09-CV-1177 (S.D.N.Y.)
31. *Gilliam v. Bank of America Corp., et al.*, No. 09-CV-1606 (S.D.N.Y.)
32. *Alvarez, et al. v. Bank of America Corp., et al.*, No. 09-CV-2389 (S.D.N.Y.)
33. *Calibuso v. Bank of America, et al.*, 09-CV-2674 (S.D.N.Y.)
34. *Lambrecht v. Bank of America, et al.*, 09-CV-2289 (S.D.N.Y.)
35. *Ginsberg v. Merrill Lynch & Co., et al.*, 09-CV-5770 (S.D.N.Y.)
36. *In re Bank of America Corp. Securities, Derivative and ERISA Litig.*, 09-MDL-2058 (S.D.N.Y.)

### Central District of California

37. *Lucas v. Lewis, et al.*, 08-CV-6029 (C.D. Cal.)

### Northern District of California

38. *Cromier v. Bank of America Corp., et al.*, No. 09-CV-544 (N.D. Cal.)

### District of Delaware

39. *Ryan v. Lewis, et al.*, No. 09-CV-217 (D. Del.)

### Northern District of Georgia

40. *Boorn v. Bank of America Corp., et al.*, No. 09-CV-159 (N.D. Ga.)

### District of Kansas

41. *Bahnmaier v. Bank of America Corp, et al.*, No. 09-CV-2099 (D. Kan.)

### New York State Supreme Court

42. *Diamond v. Thain, et al.*, 08/650341 (N.Y. Sup. Ct.)
43. *Levin v. O'Neal, et al.*, 07/603662 (N.Y. Sup. Ct.)
44. *Miller v. Merrill Lynch, et al.*, 08/602669 (N.Y. Sup. Ct.)
45. *Pfeiffer v. Thain, et al.*, 08/650342 (N.Y. Sup. Ct.)
46. *Ulisse v. Merrill Lynch, et al.*, 08/602810 (N.Y. Sup. Ct.)
47. *Lambrecht v. Bank of America Corp.*, No. 650182/09 (N.Y. Sup. Ct.)
48. *Cuomo v. Thain*, No. 400381/09 (N.Y. Sup. Ct.)

### Delaware Court of Chancery

49. *County of York Employees Ret. Plan v. Merrill Lynch & Co., et al.*, CA No. 4066-VCN (Del. Ch.)

50. *Rothbaum v. Lewis, et al.*, CA No. 4307-VCS (Del. Ch.)

51. *Southeastern Pennsylvania Trans. Auth.* v. *Lewis, et al.*, CA No. 4310-VCS (Del. Ch.)
52. *Tremont Partners* v. *Lewis, et al.*, CA No. 4314-VCS (Del. Ch.)
53. *Stern* v. *Bank of America Corp., et al.*, CA No. 4316-VCS (Del. Ch.)
54. *Kovacs* v. *Lewis, et al.*, CA No. 4356-VCS (Del. Ch.)
55. *Houx* v. *Lewis, et al.*, CA No. 4389-VCS (Del. Ch.)
56. *In re Bank of America Corp. Stockholder Derivative Litig.*, CA No. 4307-VCS (Del. Ch.)

### North Carolina Superior Court

57. *Cunniff* v. *Lewis, et al.*, No. 09-CVS-3978 (N.C. Super. Ct.)

### FINRA Dispute Resolution

58. *Maher* v. *Bank of America Corp., et al.*, No. 09-03074