

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
THREE WORLD FINANCIAL CENTER
SUITE 400
NEW YORK, NEW YORK 10281-1022

December 14, 2009

**VIA FACSIMILE**

The Honorable Jed S. Rakoff
United States District Court
Southern District of New York
United States Courthouse, Room 1340
500 Pearl Street
New York, NY 10007

Re: **SEC v. Bank of America Corp., 09-cv-06829 (JSR)**

Dear Judge Rakoff:

The staff of Plaintiff Securities and Exchange Commission ("Commission") submits this letter, in accordance with Your Honor's instruction, to move *in limine* to exclude various expert testimony that Defendant Bank of America Corporation ("BOA") has indicated it will introduce at trial. In the event that the Court does not preclude, at this time, the testimony of these experts, we respectfully request that the Court extend the deadline for depositions from December 24, 2009 to January 22, 2010 so that we will have a fair opportunity to examine BOA's numerous experts.[1]

On November 20, 2009, the Commission served on BOA the report of Professor Robert Daines, whom it identified as the expert it plans to call to testify at trial. On December 10, 2009, BOA served on the Commission six reports of experts that BOA indicated it intends to call as trial witnesses. For the Court's reference, those reports are attached, namely, the reports of: (i) Irving Becker; (ii) Stephen Blum; (iii) Professor Joseph Grundfest; (iv) Professor William Holder; (v) Professor Glen Hubbard; and (vi) Morton Pierce.

BOA's designation of six experts is, on its face, excessive and inappropriate. As the Court has previously recognized, the issue in this case is straightforward: namely, whether BOA's failure to disclose to shareholders, in the Proxy Statement filed in connection with its acquisition of Merrill Lynch & Co., Inc. ("Merrill"), its agreement that Merrill could pay up to $5.8 billion in year-end bonuses was a material misrepresentation or omission in violation of Section 14(a) of the Securities Exchange Act of 1934. Six experts are not required to address that issue, and, unsurprisingly, many of the topics addressed in BOA's extensive expert reports are irrelevant and improper. As explained below, the expert testimony BOA plans to introduce at trial should be precluded because, among other reasons, such testimony: (1) addresses ultimate legal issues, such as the materiality of the information BOA failed to disclose; (2) is duplicative of other BOA experts' proposed testimony; (3) is a recitation of documents that the Court and jury can assess for themselves; (4) purports to provide an interpretation of the Proxy Statement and other Commission filings; (5) seeks to substitute for fact testimony; (6) essentially opines on the propriety of BOA's reliance on counsel defense; or (7) constitutes an end-run

---

[1] In the event that the Court denies the Commission's motion to exclude BOA's proposed expert testimony on the grounds set forth in this letter, the Commission reserves its right to challenge the presentation of such testimony before trial on any other ground, including the ground that it is unreliable.

around the Court's December 7, 2009 Order, which precluded discovery of documents that BOA or its counsel could not have relied upon on the ground that they are irrelevant.

### A. This Court Has Broad Discretion In Determining Whether Expert Testimony Is Appropriate

Under Rule 702 of the Federal Rule of Evidence, "the trial court has broad discretion in determining whether to admit expert evidence." Supply & Bldg. Co. v. Estee Lauder Int'l, Inc., No. 95 Civ. 8136 (RCC), 2001 WL 1602976, at *3 (S.D.N.Y. Dec. 14, 2001); accord U.S. v. Bilzerian, 926 F.2d 1285, 1295 (2d Cir. 1991); U.S. v. Daly, 842 F.2d 1380, 1387 (2d Cir. 1988). The Supreme Court and the Second Circuit have established clear guidelines for district courts considering the admissibility of expert evidence under Rule 702. In Daubert v. Merrell Dow Pharm., Inc., addressing the admissibility of scientific expert testimony, the Supreme Court held that such testimony is only admissible if it is both relevant and reliable. 509 U.S. 579, 591-92 (1993). As the Daubert Court explained, Rule 702 "requires that the evidence or testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" Id. at 591. In Kumho Tire Co. v. Carmichael, the Supreme Court made clear that "[t]he Daubert 'gatekeeping' obligation applies not only to 'scientific' testimony, but to all expert testimony." 526 U.S. 137, 138 (1999). Courts routinely apply this "gatekeeping" function to purported experts in financial fraud cases like this one. See, e.g., Bilzerian, 926 F.2d at 1294-95; Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173 (S.D.N.Y. 2008).

"The Second Circuit has made it plain that it strictly enforces the limitations placed by the rules of evidence upon expert opinion testimony." Kidder, Peabody & Co. v. IAG Int'l Acceptance Group N.V., 14 F. Supp. 2d 391, 402 (S.D.N.Y. 1998). In U.S. v. DiDomenico, the Second Circuit provided this guidance for district courts making Rule 702 determinations:

> [T]here is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained laymen would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.

985 F.2d 1169 (2d Cir. 1993) (citing Advisory Committee Note to Fed. R. Evid. 702). Accordingly, courts in this Circuit vigilantly distinguish an expert witness's role from that of counsel or the finder of fact. "Whatever expertise [a potential witness] may possess, no expert may 'supplant the role of counsel in making argument at trial, and the role of the [fact finder in] interpreting the evidence.'" Highland Capital Mgmt., L.P. v. Schneider, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005) ("Highland I").

### B. The Proposed Testimony of Hubbard, Holder and Blum Seeks To Usurp The Role of The Fact Finder

Expert testimony "must be carefully circumscribed to assure that the expert does not usurp ... the role of the [finder of fact] in applying th[e] law to the facts before it." Bilzerian, 926 F.2d at 1294. Thus, an expert may not testify concerning a party's state of mind, which is a matter that lies within the province of the fact-finder. See Highland I, 379 F. Supp. 2d at 469 (expert's testimony on parties' state of mind and motivations is inadmissible); Kidder, 14 F. Supp. 2d at 404 ("juries traditionally decide whether an individual acted knowingly, or willfully, or maliciously, or with specific intent, or with any other relevant state of mind."); In re Rezulin Prod. Liab. Litig., 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004). Similarly, expert testimony is improper if "it describes lay matters which a [fact finder] is capable of understanding and

2

deciding without the expert's help." Highland I, 379 F. Supp. 2d at 468. See also U.S. v. Castillo, 924 F.2d 1227, 1232 (2d Cir. 1991) (expert testimony is improper where all the primary facts can be accurately and intelligibly described to the fact finder, and where the fact finder is as capable of comprehending those facts and of drawing conclusions from them as are witnesses of special training). Here, several of BOA's experts seek to testify on matters that are squarely within the province of the fact finder. Such testimony should be precluded.

Three of BOA's experts seek to opine on whether an expense line item for "compensation and benefits," which included an unspecified accrual for year-end bonuses, as presented in certain of Merrill's quarterly filings (and incorporated into the Proxy Statement) was sufficient to advise shareholders that Bank of America had permitted Merrill to pay bonuses of up to $5.8 billion. See Blum Report at 3-36; Holder Report at 3, 9-13; Hubbard Report at 7-8. The fact finders do not need an expert (let alone three experts, two of which are CPAs) to tell them how to read the Proxy Statement or documents incorporated by reference into it. Indeed, if "experts" or experienced CPAs are required to tell the jury what these documents reveal, then BOA's argument that reasonable investors were adequately informed is meritless. The fact finders can read the relevant documents and determine themselves whether proper disclosure was made. The testimony of Blum, Holder, and Hubbard should be precluded.

Professor Hubbard impermissibly purports to opine on what is an ultimate legal issue in this case, i.e., whether shareholders considered BOA's agreement with Merrill concerning year-end bonuses to be material. See Hubbard Report at 3-6, 12-18. In his report, Mr. Hubbard makes specific findings regarding what is "material" and uses that legal term in his report. In contrast, Professor Daines, the Commission's sole proposed expert, opines on the significance of the undisclosed bonus agreement to the merger proposal on which shareholders were asked to vote and does not make findings using the legal term "material." Experts are not allowed to opine on materiality. In addition, Professor Hubbard undertakes an analysis which focuses on disclosures made after the shareholder vote. Such an analysis is irrelevant to whether BOA complied with its duty to provide shareholders with a complete proxy statement that described all material information. Because it is the fact finders' responsibility to determine, based on the contents of the Proxy Statement, whether the bonus information was adequately disclosed and whether it was material, Professor Hubbard's testimony goes to an issue that is not relevant, and his testimony should be excluded on that basis.

### C. The Proposed Testimony of Blum, Holder, Hubbard, Pierce and Becker Seeks To Replace Fact Testimony

An expert's testimony is improper where it seeks to substitute for the testimony of individuals who were actually involved in the underlying conduct, and is not based "on personal knowledge, but instead on review of documents and depositions produced by the parties." Media Sport & Arts S.r.L. v. Kinney Shoe Corp., No. 95 Civ. 3901 (PKL), 1999 WL 946354, at *3 (S.D.N.Y. Oct. 19, 1999). An expert's testimony "cannot be presented to the [fact finder] solely for the purpose of constructing a factual narrative based upon record evidence." Highland I, 379 F. Supp. 2d at 469; see also LinkCo, Inc. v. Fujitsu Ltd., No. 00 Civ. 7242 (SAS), 2002 WL 1585551, at *1-2 (S.D.N.Y. Jul. 16, 2002) (expert's report based on review of "documents, computer files, deposition transcripts and exhibits" precluded because testimony by fact witnesses familiar with those documents was "far more appropriate . . . and renders [the expert's] secondhand knowledge unnecessary."). Similarly, BOA may not use its experts' testimony to "supplant the role of counsel in making argument at trial" or "the role of the jury interpreting the evidence." Primavera Familienstiftung v. Askin, 130 F. Supp. 2d 450, 529 (S.D.N.Y. 2001).

3

Here, several of BOA's proposed experts provide testimony that is duplicative of evidence that could come from individuals actually involved in the underlying conduct. For example, the testimony of Blum, Holder and Hubbard concerning the inference to be had from Merrill's compensation expense has been the subject of testimony by several witnesses, including Merrill's head of human resources. The testimony of witnesses who were involved in the underlying facts addressed whether the compensation expense sufficed to disclose BOA's agreement with Merrill concerning year-end bonuses. The testimony of Blum, Holder and Hubbard, which seeks to supplant or substitute for such fact testimony, should be excluded. At a minimum, BOA does not require three experts on this issue, and the Court should therefore preclude the testimony of two of its proposed three experts.

Similarly, the proposed testimony of Pierce, a partner at Dewey Lebeouf, purports to opine on "industry practice" by mergers and acquisitions lawyers in the filing of proxy statements. However, the parties have deposed several experienced attorneys from Wachtell, Lipton, Rosen and Katz and Shearman & Sterling LLP who had advised BOA and Merrill on the merger, as well as experienced in-house attorneys who worked on the transaction. These fact witnesses testified in depositions about their practice in preparing merger agreements and related disclosures, and what they believe the law requires in this field. It is redundant and inappropriate for BOA to provide an additional attorney who did not work on the deal to discuss these matters, and to opine on the appropriateness of the disclosures in this case. In any event, Pierce's testimony is irrelevant since the issue in this action is not whether disclosure schedules are used within the industry but, quite differently, whether material information (regardless of whether it was contained in a schedule) was withheld from BOA shareholders. The attorneys' testimony in this case has already confirmed that material information, even if contained in a disclosure schedule, must be disclosed in a proxy statement. Pierce's testimony should therefore be excluded.

BOA also proposes the testimony of Becker, indicating that Wall Street compensation differs from other industries, that a "bonus" is a misnomer when used on Wall Street, that Wall Street employees are highly sought after and competitive pay is important and well known, that in mergers retention bonuses are common, and that it would not have been feasible for Merrill not to pay large bonuses. Becker's testimony is not only questionable and irrelevant, it is also duplicative of testimony from executives and attorneys who worked on the BOA-Merrill merger, including human resources executives who purport to be "experts" on compensation matters. Becker brings no testimony that these fact witnesses could not testify to, nor could his proposed testimony be remotely classified as that of an "expert"; surely a layperson can understand the simple proposition that investment banks pay large portions of compensation in the form of discretionary bonuses (assuming that such a proposition is even relevant to this case, which Plaintiff disputes).

### D. Pierce's Proposed Testimony Should Also Be Excluded On Several Other Grounds

Pierce's purported testimony should also be excluded because: (1) it impermissibly amounts to testimony on the state of the law regarding proxy filings; (2) it circumvents the Court's December 7, 2009 Order denying BOA's discovery of internal Commission documents and other documents not relied upon by BOA, Merrill or their counsel; and (3) it inappropriately opines on the adequacy of the legal advice BOA received.

Expert witnesses are not permitted to supplant the role of the judge by testifying to the state of the law. "As a general rule, an expert's testimony on issues of law is inadmissible." Bilzerian, 926 F.2d at 1294; see also Highland I, 379 F.Supp.2d at 468 (the Second Circuit "is in

4

accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion.") (citing Hygh v. Jacobs, 961 F.2d 359, 363 (2d Cir. 1992)); Estate of Sowell v. U.S., 198 F.3d 169, 171-72 (5th Cir. 1999) (affirming exclusion of expert testimony opining on what a reasonable fiduciary would do as it "would constitute a legal opinion telling the trier of fact what to decide."); Askanase v. Fatjo, 130 F.3d 657, 673 (5th Cir. 1997) (affirming exclusion of expert who sought to testify on whether officers and directors breached fiduciary duties). Pierce's testimony on the adequacy of certain proxy disclosure practices amounts to an opinion on the state of the law governing disclosures in connection with mergers and acquisitions. Such an opinion should be precluded.

BOA's use of Pierce's testimony is also an improper end-run around the Court's Order of December 7, 2009. That Order denied BOA's motion to compel discovery of Commission records on the ground that BOA could not, in its defense, rely on documents that it had never reviewed, such as internal Commission communications. Now, through the testimony of Pierce (an attorney who played no role in the merger negotiations or drafting of the Proxy Statement), BOA seeks to defend itself by relying on documents that neither BOA, Merrill, nor their counsel relied upon, such as proxy filings in dozens of transactions involving neither BOA nor Merrill. BOA and its attorneys can point to any prior filings that they in fact relied upon. But it is inappropriate for BOA to use expert testimony to inject into this action documents that were never relied upon by it or its counsel, and which the Court has already held irrelevant to this case.

Finally, Pierce's proposed testimony is improper as it essentially opines on BOA's defense of reliance on the advice of counsel. See Pierce Report at 5. As Kidder, Peabody & Co. v. IAG Int'l Acceptance Group N.V., 14 F. Supp. 2d 391 (S.D.N.Y. 1998) makes clear, such testimony is improper. In Kidder, a malicious prosecution action, the issue was whether a party had reasonably relied on the advice of counsel in bringing suit, thereby negating an inference of malice. The court held that expert testimony on that issue could not be admitted, observing that "the case will turn upon the reasonableness of [the party's] conduct and its then-existing state of mind; and these are the sort of questions that lay jurors have been answering without expert assistance from time immemorial." Id. at 404. Similarly here, BOA and Merrill executives may testify on the disclosures they made to their legal counsel, the advice they received, and their reliance upon it. See Markowski v. SEC, 34 F.3d 99, 105 (2d Cir. 1994) (to invoke reliance on counsel, defendant must show he "made complete disclosure to counsel, sought advice as to the legality of his conduct, received advice that his conduct was legal, and relied on that advice in good faith."). BOA's and Merrill's attorneys may testify, too, on the disclosures and the legal advice, if any, they provided on the relevant issues. However, questions concerning whether BOA and Merrill made full disclosure, obtained legal advice, and relied in good faith upon it are matters for the fact finder to determine. "[T]he jury is not assisted by expert opinion testimony about the reasonableness of the advice or the client's reaction to it." Kidder, 14 F. Supp. 2d at 403; see also Highland I, 379 F. Supp. 2d at 469.

### E. Professor Grundfest's Testimony Should Be Precluded Because It Seeks To Introduce Evidence That Shareholders Could Not Have Relied Upon

BOA seeks to introduce Professor Grundfest's testimony, and the work of Compass Lexicon, to introduce analyst reports and news stories that purportedly discussed the likelihood that Merrill would pay year-end bonuses. This testimony purports to show that shareholders who received BOA's Proxy Statement could have discerned that Merrill would have received bonuses from reviewing analyst reports or news stories, and that such information was therefore not

5

material. This evidence is impermissible for several reasons. First, BOA's Proxy Statement specifically warned shareholders not to rely on information not included within the four corners of the Proxy Statement or incorporated by reference into it: shareholders were warned to "rely only on the information contained or incorporated by reference" in the Proxy Statement. See Proxy Statement at 124. The analyst reports and news stories Professor Grundfest cites were neither included in the Proxy Statement nor incorporated into it. As such, the analyst and news reports are irrelevant and reference to them can be nothing more than an attempt to confuse the fact finder. In addition, the analyst reports Professor Grundfest cites are only available for a fee and therefore were not generally available to shareholders voting on the BOA-Merrill merger. Professor Grundfest's survey of such analyst reports will improperly present irrelevant information to the fact finder that shareholders did not have, and were expressly instructed not to consider. Such testimony should be precluded.

### F. To The Extent that BOA Is Allowed to Present Expert Testimony, The Deadline for Depositions Should Be Extended To January 22, 2009

If the Court allows BOA to proceed with more than one of the six experts it has designated for testimony, the Commission respectfully requests that the Court extend the deadline for depositions so that the Commission will have a fair opportunity to prepare for and take the depositions of these numerous experts. Before December 10, 2009, the Commission was not aware that BOA would designate as many as six experts, and the remaining discovery schedule until December 24, 2009, the current deadline for depositions, is taken up by depositions of fact witnesses. In fact, given this tight schedule, counsel for BOA has already informed Plaintiff that three of their experts have very "limited" availability for dates on which they can be deposed between now and December 24. Accordingly, we respectfully request that the deadline for the taking of depositions be extended to January 22, 2010.

Respectfully submitted,

Alexander Vasilescu
Scott Black
Joseph Boryshansky
Wendy Griffin

Encl.

Cc (without encl.): Lewis J. Liman, Esq.
Shawn J. Chen, Esq.
Victor L. Hou, Esq.
Melissa K. Marler, Esq.
Daniel J. Kramer, Esq.
Alex Young K. Oh, Esq.
Audra J. Soloway, Esq.