```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,   :

                Plaintiff,            :

        -v-                           :        09 Civ. 6829 (JSR)
                                      :
BANK OF AMERICA CORPORATION,          :

                Defendant.            :
------------------------------------ x
------------------------------------ x
SECURITIES AND EXCHANGE COMMISSION,   :

                Plaintiff,            :

        -v-                           :        10 Civ. 0215 (JSR)
                                      :
BANK OF AMERICA CORPORATION,          :

                Defendant.            :        ORDER
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

On February 4, 2010, the Court received a new settlement proposal from the parties, one that would resolve both of the cases now pending in this curious litigation. On February 8, the Court held a hearing on the proposed consent judgment, at which the Court voiced a number of questions and concerns, arising, for example, from the very different interpretations of the underlying facts proposed by, respectively, the parties in this case and the Attorney General of the State of New York in the parallel case of New York v. Bank of America Corp. See transcript of hearing, 2/08/10 ("tr."). In order to adequately address those questions and concerns, and for the reasons stated at the hearing, the Court hereby directs the parties, jointly

Note: the USDC SDNY filing stamp indicates "DATE FILED: 2-11-10".

or severally, to submit to the Court the underlying discovery materials, such as deposition testimony, documents, and emails, bearing on (and arranged in accordance with) the following matters:

1. The termination in December 2008 of Bank of America's then-general counsel, Timothy Mayopoulos.

2. The extent of participation after November 18, 2008 by attorneys at the law firm of Wachtell Lipton Rosen & Katz in evaluation of the disclosure issues raised by the reports of increased losses at Merrill Lynch & Co.

3. Any information indicating that at any time after September 2008 anyone, such as Mr. Mayopoulos, attorneys from Wachtell Lipton, Merrill's auditors, Bank of America's corporate treasurer, or anyone else, recommended a pre-merger disclosure to Bank of America shareholders of Merrill's post-September losses.

4. Any information indicating that any time after September 2008 anyone, such as Mr. Mayopoulos, attorneys from Wachtell Lipton, Merrill's auditors, Bank of America's corporate treasurer, or anyone else, recommended a pre-merger disclosure to Bank of America shareholders of any agreements or decisions that had been reached by Bank of America to agree to Merrill's payment of billions of dollars of year-end bonuses.

Per the colloquy at the hearing, the Court also directs the parties, jointly or severally, to indicate whether they agree that the

remedial provisions of the proposed consent judgment should be changed to include the following provisions:

1. That the person or firm chosen as "independent auditor" be acceptable to both parties, and that, in the event that Bank of America and the S.E.C. cannot agree on who should be the independent auditor, the Court would make that choice.

2. That the person or firm chosen as "disclosure counsel" be acceptable to both parties, and that, in the event that Bank of America and the S.E.C. cannot agree on who should be the disclosure counsel, the Court would make that choice.

3. That the person or firm chosen as "compensation consultant" be acceptable to both parties and also to the Court, and that, in the event that Bank of America and the S.E.C. cannot agree on who should be the compensation consultant, the Court would make that choice.

4. That the proposed principles of the proposed Fair Fund distribution -- including that the entire distribution be made to Bank of America shareholders who were harmed by the alleged non-disclosures, and that no distribution be made to so-called "legacy Merrill Lynch" shareholders of Bank of America, nor to Bank of America officers or directors who had access to the undisclosed information -- be articulated in the judgment.

The Court also directs the S.E.C. to submit to the Court its analysis as to the percentage of Bank of America shares distributed to Merrill shareholders at the time of the merger. See tr. at 40.

Per the parties' agreement, see tr. at 42, the parties' responses to the aforementioned queries, including requested supporting materials and information, must be submitted to the Court, by hand delivery, by no later than 5 p.m. on Tuesday, February 16, 2010.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       February 11, 2010

4