```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,      :
                                         :
             Plaintiff,                  :
                                         :
         -v-                             :   09 Civ. 6829 (JSR)
                                         :
BANK OF AMERICA CORPORATION              :
                                         :
             Defendant.                  :
---------------------------------------- x
---------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,      :
                                         :
             Plaintiff,                  :
                                         :
         -v-                             :   10 Civ. 0215 (JSR)
                                         :
BANK OF AMERICA CORPORATION              :
                                         :
             Defendant.                  :   ORDER
---------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-17-10

JED S. RAKOFF, U.S.D.J.

Pursuant to the Court's Order of February 11, 2010, the parties have provided the Court with numerous deposition transcripts and other materials bearing on the Court's consideration of the new Proposed Consent Judgment that would settle the above-captioned cases. These materials will be docketed and made available on the Court's ECF system. In addition, there will be docketed and made available on the Court's ECF system the copy faxed yesterday afternoon to the Court of a letter dated February 16, 2010 from the New York State Attorney General's Office to the Securities and Exchange Commission ("S.E.C.") declining to provide the S.E.C. with transcripts of the sworn testimony of Messers. Mayopolous, Brown, Kocaj, Graham, and Moser that

was apparently taken by the Attorney General's Office during the course of its parallel investigation and that the S.E.C. sought to submit to this Court in response to the February 11 Order.

Although at the time of the hearing on the Proposed Consent Judgment that was held before this Court on February 8, 2010, counsel for the S.E.C. stated that "I don't think we have any doubt that we've accessed the same proof, the same witnesses, the same documents as the New York Attorney General" (transcript of 2/8/10 hearing at page 7), the letter from the Attorney General's Office states that the aforementioned five transcripts "were not previously considered by [the S.E.C.] in constructing its investigation, litigation, or proposed settlement." It would therefore be helpful to this Court to have these transcripts in evaluating, among other things, whether the conclusions on which the S.E.C. premises its proposed settlement have an adequate basis in fact or are materially at variance with other sworn testimony. Cf. Manual for Complex Litigation (4th) at 457 ("To fulfill their role [in evaluating securities class action settlements], judges may find it helpful to . . . require the parties to provide information useful for evaluating the proposed settlement, particularly information relating to the merits of the claims and defenses . . . [and] permit focused discovery by [third parties] on a showing of need.)

Although the Court likely has the power to order production of these transcripts to this Court, it would be inappropriate to do so

without hearing any objections that the Attorney General's Office might have to such production in light of its ongoing investigation; but time constraints preclude such satellite proceedings. The Court therefore simply requests that the Attorney General's Office voluntarily produce to the Court, by no later than noon this Friday, February 19, 2010 the five transcripts, or, even better, just those portions of the transcripts that bear on the questions posed in the Court's Order of February 11, 2010. If the Attorney General deems it necessary, such production can be made, ex parte, to the Court alone, though the Court would prefer that the production also be made to the parties here and be publicly available.

In the hope that the Attorney General's Office will accede to this request, the Court will postpone until Monday, February 22, 2010, its ruling on whether or not to approve the Proposed Consent Judgment. No further adjournment, however, is possible, given the fixed trial date of March 1, 2010 for the trial in 09 Civ. 6829 if the Court disapproves the settlement. All dates for motions in limine and the like will continue to be stayed, however, until the Court rules on the Proposed Consent Judgment on February 22, 2010.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       February 17, 2010