UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
SECURITIES AND EXCHANGE COMMISSION,    :
                                       :
                         Plaintiff,    :   09 Civ. 6829 (JSR)
                                       :   10 Civ. 0215 (JSR)
              -against-                :   ECF Cases
                                       :
BANK OF AMERICA CORPORATION,           :
                                       :
                         Defendant.    :
                                       :
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-24-10

### FINAL CONSENT JUDGMENT AS TO DEFENDANT
### BANK OF AMERICA CORPORATION

WHEREAS the Securities and Exchange Commission ("Commission") filed an Amended Complaint on October 19, 2009 in the civil action 09 Civ. 6829 (JSR) alleging that defendant Bank of America Corporation ("BAC") violated Section 14 of the Securities Exchange Act of 1934 ("Exchange Act"), and Rules 14a-3 and 14a-9 promulgated thereunder, as a result of its failure adequately to disclose, in connection with the proxy solicitation for the acquisition of Merrill Lynch & Co., Inc. ("Merrill"), information concerning Merrill's payment of year-end bonuses (the "Bonus Case");

WHEREAS the Commission subsequently filed a Complaint on January 12, 2010 in the civil action 10 Civ. 0215 (JSR) alleging that BAC violated Section 14 of the Exchange Act and Rule 14a-9 thereunder as a result of its failure adequately to disclose, in connection with the proxy solicitation for the acquisition of Merrill, information concerning Merrill's losses in the fourth quarter of 2008 (the "Q4 Loss Case") (together with the Bonus Case, the "Actions");

WHEREAS BAC has executed the Consent annexed hereto and incorporated herein for the purpose of settling the Actions before the Court; and

WHEREAS BAC has entered a general appearance in the Actions, consented to the Court's jurisdiction over it and the subject matter of the Actions, consented to the entry of this Final Consent Judgment as to Defendant Bank of America Corporation ("Final Judgment"), and waived any right to appeal from this Final Judgment in the Actions:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant BAC shall, for the years ending December 31, 2010, 2011 and 2012, engage an independent individual or entity ("Independent Auditor") to assess BAC's disclosure controls and procedures (as defined in Rule 13a-15(e) of the Securities Exchange Act of 1934 ("Exchange Act") [17 C.F.R. § 240.13a-15(e)]) and to issue an attestation report, in a form acceptable to the Commission, based on its examination to obtain reasonable assurance on whether BAC's conclusion regarding the effectiveness of such disclosure controls and procedures is fairly stated, in all material respects, based on criteria established in *Internal Control—Integrated Framework issued by the Committee of Sponsoring Organizations of the Treadway Commission* (COSO). In performing its examination in accordance with applicable attestation standards, the Independent Auditor will consider elements of Auditing Standard No. 5 issued by the Public Company Accounting Oversight Board (governing attestations under Section 404 of the Sarbanes-Oxley Act of 2002) that the Independent Auditor deems relevant to its examination and in evaluating BAC's conclusion based on COSO. The Independent Auditor shall, among other things: (i) inspect documentation of BAC's disclosure controls and procedures in testing whether they are designed effectively; (ii) test whether such disclosure controls and procedures have been implemented; (iii) test whether such disclosure controls and procedures are operating effectively; (iv) in testing the design and operating effectiveness of BAC's disclosure controls and procedures based on

COSO, consider control environment elements, including, among others, the knowledge and skills of the employees and officers who are part of the disclosure controls, such as the members of BAC's Disclosure Committee, necessary to perform the roles in the disclosure controls and procedures that they have been assigned; and (v) based on the results of the Independent Auditor's procedures issue an attestation report expressing an opinion on BAC's assertion as to whether its disclosure controls and procedures as of the applicable year-end date are effective in recording, processing, summarizing, and reporting within the Company, on a timely basis, information required to be disclosed by the Company in the reports that it files or submits under the Exchange Act, and that information is accumulated and communicated to the Company's management, including the Company's Chief Executive Officer and Chief Financial Officer, as appropriate, to allow timely decisions regarding required disclosure. BAC shall provide the Independent Auditor's attestation report in its annual report to shareholders and in its reports on Form 10-K. BAC shall use its best efforts to retain the public accounting firm that audits the financial statements included in BAC's periodic reports to serve as the Independent Auditor. If, despite its best efforts, BAC is unable to retain the public accounting firm that audits its financial statements to serve as the Independent Auditor, BAC shall select an Independent Auditor that is acceptable to both parties. In the event of disagreement between the parties, the Independent Auditor will be chosen by the Court.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant BAC shall, for a period of three (3) years after entry of this Final Judgment, with respect to each proxy statement filed pursuant to Section 14(a) of the Exchange Act, include certifications substantially in the form specified in Item 601(b)(31)(i) of Regulation S-K [17

C.F.R. § 229.601(b)(31)(i)], and file or otherwise include such certifications as an appendix to such proxy statement. BAC shall require that its principal executive officer and principal financial officer, or persons performing similar functions at the time of the filing of the proxy statement, each sign such certification.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that within forty-five (45) days of the entry of this Final Judgment, the Audit Committee of BAC's Board of Directors ("Audit Committee") shall retain disclosure counsel with expertise in disclosure issues ("Disclosure Counsel") for a period of three (3) years after entry of this Final Judgment. The Disclosure Counsel shall report solely to the Audit Committee. BAC shall require that the Disclosure Counsel: (i) review drafts of all of BAC's public disclosure statements, including all quarterly reports, annual reports, proxy statements, and current reports containing financial information; and (ii) confer, in executive session, with members of the Audit Committee at all regularly scheduled meetings of the Audit Committee, separate and apart from the non-independent members of BAC's Board of Directors, to discuss the adequacy of BAC's disclosures in its public disclosure statements. BAC shall also require that the Disclosure Counsel, for the period of engagement, not enter into, directly or indirectly, any other employment, consulting, or other professional relationship with BAC or its affiliates, directors, officers, employees, or agents without obtaining the consent of the Commission's staff. The Audit Committee shall retain Disclosure Counsel that is acceptable to both parties. In the event of disagreement between the parties, the Disclosure Counsel will be chosen by the Court.

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant BAC shall adopt an independence requirement for members of the Compensation Committee of BAC's Board of Directors ("Compensation Committee") according to the independence standards set forth in Section 10A(m)(3)(B) of the Exchange Act [15 U.S.C. §78j-1(m)(3)(B)]. Such independence standards shall require BAC to include as members of the Compensation Committee only those members who will not, directly or indirectly, accept any consulting, advisory or other compensatory fee from BAC or any affiliate or subsidiary of BAC, irrespective of the size or materiality of such fee, other than compensation in the member's capacity as a member of BAC's Board of Directors or be an affiliated person of BAC or any of BAC's subsidiaries. BAC shall maintain such a requirement for a period of three (3) years following entry of this Final Judgment.

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant BAC shall continue to retain, for a period of three (3) years after entry of this Final Judgment, a compensation consultant ("Compensation Consultant"). BAC shall require that the Compensation Consultant be engaged by, and report solely to, the Compensation Committee and that during the three (3) year period of engagement, the Compensation Consultant not enter into, directly or indirectly, any other employment, consulting, or other professional relationship with BAC or its affiliates, directors, officers, employees, or agents.

VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant BAC shall, within thirty (30) days of the entry of this Final Judgment, institute and

implement formal, written incentive compensation principles and processes and post such principles and processes in a prominent location on BAC's website at www.bankofamerica.com. For a period of three (3) years after entry of this Final Judgment, BAC shall maintain and comply with such written principles and processes as posted on BAC's website unless and until BAC informs its shareholders of any proposal to change such principles and processes, and provides for a separate advisory shareholder vote regarding such proposed changes. Any such shareholder vote shall not be binding on the BAC Board of Directors and shall not be construed as overruling a decision by such Board, nor will it create or imply any additional fiduciary duty by such Board or be construed to restrict or limit the ability of shareholders to make proposals for inclusion in proxy materials related to executive compensation.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, if during the three (3) years following the date of the entry of this Final Judgment BAC conducts an annual meeting of security holders (or a special meeting in lieu of an annual meeting) for which proxies will be solicited for the election of directors, BAC shall provide a separate advisory shareholder vote ("Vote") regarding the compensation of executives, as disclosed pursuant to Item 402 of Regulation S-K [17 C.F.R. § 229.402], including the compensation discussion and analysis, the compensation tables, and any related materials. Any such Vote shall not be binding on the BAC Board of Directors and shall not be construed as overruling a decision by such Board, nor will it create or imply any additional fiduciary duty by such Board or be construed to restrict or limit the ability of shareholders to make proposals for inclusion in proxy materials related to executive compensation.

VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, in the event that, after entry of this Final Judgment, the Commission or other regulatory agency or regulator (or legislation) provides for a new regulation or requirement that is applicable to BAC with respect to the same subject matter as is addressed by one or more of the remedial components of this Final Judgment, BAC shall consult with the Commission's staff concerning the interaction of such new regulation or requirement and the remedial component provided for in this Final Judgment, and BAC may propose to amend or modify any term of this Final Judgment, with the Court's approval. The sole purpose for any such amendment or modification shall be to avoid a circumstance in which BAC may be subject to conflicting, overlapping or duplicative regulations or requirements in whole or in part, or remain subject to a term of this Final Judgment when the purpose thereof has been superseded or fulfilled by such a new regulation or requirement.

IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant BAC is liable for disgorgement of $1 and a civil penalty in the amount of $150,000,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. BAC shall satisfy this obligation by paying $150,000,001 within fourteen (14) days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying BAC as a defendant in the Actions; setting forth the titles and civil action numbers of the Actions and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. BAC shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, BAC relinquishes all legal and equitable right,

title, and interest in such funds, and no part of the funds shall be returned to BAC. BAC shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee not to exceed ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Fund shall be distributed at a later date pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002 and in accordance with further order of the Court. The Fund distribution shall be made in accordance with the following principles: (a) the entire distribution, other than administrative costs, will be made to current and/or former BAC shareholders who were affected by the alleged non-disclosures that are the subjects of the Actions; (b) no distribution will be made to BAC shareholders with respect to any Merrill shares that were exchanged for BAC shares in the merger between Bank of America and Merrill on January 1, 2009; and (c) no distribution will be made to BAC officers or directors who had access to the allegedly undisclosed information that is the subject of the Actions. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the

government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, BAC shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on BAC's payment of disgorgement in the Actions, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of BAC's payment of a civil penalty in the Actions ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, BAC shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against BAC by or on behalf of one or more investors based on substantially the same facts as alleged in the complaints in the Actions.

## X.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the annexed Consent of Defendant Bank of America Corporation be, and the same hereby are, incorporated in this Final Judgment with the same force and effect as if fully set forth herein, and that defendant BAC shall comply with all of the undertakings and agreements set forth therein.

## XI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## CONSENT OF DEFENDANT BANK OF AMERICA CORPORATION

1.  Defendant Bank of America Corporation ("BAC") acknowledges having been served with the Amended Complaint in the civil action 09 Civ. 6829 (JSR) and the Complaint in the civil action 10 Civ. 0215 (JSR) (collectively, the "Actions"), enters a general appearance in the Actions, and admits the Court's jurisdiction over it and over the subject matter of the Actions.

2.  Defendant BAC hereby consents to the entry of the annexed Final Consent Judgment As To Defendant Bank of America Corporation ("Final Judgment") in the Actions, in the form annexed hereto and incorporated by reference herein (prior to any adjudication of any issue of law or fact), which, among other things:

    (a)  orders BAC to pay disgorgement in the amount of $1;

    (b)  orders BAC to pay a civil penalty in the amount of $150,000,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and

    (c)  orders Defendant to perform the actions and comply with the measures specified in the Final Judgment, including but not limited to, retaining an independent auditor to perform an assessment and provide an attestation report on the effectiveness of BAC's disclosure controls and procedures, furnishing management certifications for proxy statements, retaining disclosure counsel to the Audit Committee of BAC's Board of Directors, adopting an independence requirement for all members of the Compensation Committee of BAC's Board of Directors ("Compensation Committee") according to the independence standards set forth in Section

11

        10A(m)(3)(B) of the Exchange Act [15 U.S.C. §78j-1(m)(3)(B)], retaining an independent compensation consultant to the Compensation Committee, providing BAC shareholders with an annual "say on pay" advisory vote, and establishing, disclosing, and maintaining written incentive compensation principles.

3.     Defendant BAC acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, BAC agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on BAC's payment of disgorgement in the Actions, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of BAC's payment of a civil penalty in the Actions ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, BAC agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against BAC by or on behalf of one or more investors based on substantially the same facts as alleged in the complaints in this Actions.

4. Defendant BAC agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that BAC pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. BAC further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that BAC pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendant BAC waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendant BAC waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendant BAC enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce BAC to enter into this Consent.

8. Defendant BAC agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendant BAC will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant BAC waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to BAC of its terms and conditions. BAC further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that BAC has received and read a copy of the Final Judgment.

11.     Defendant BAC acknowledges that any violation of any of the terms of the Final Judgment may place it in contempt of this Court and subject it to civil or criminal sanctions.

12.     Defendant BAC acknowledges that it has been informed and understands that the Commission, at its sole and exclusive discretion, may refer, or grant access to, this matter or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate administrative, civil, or criminal jurisdiction, if the Commission has not already done so.

13.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against defendant BAC in the Actions. BAC acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. BAC waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. BAC further acknowledges that the Court's entry of a final consent judgment and order may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not

limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

14. Defendant BAC acknowledges that there is an evidentiary basis for the statements in the Statement of Facts, prepared by the SEC based on discovery in the action 09 Civ. 6829, that is attached as Exhibit A to this Consent. BAC further agrees that it understands and will comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. Consistent with this policy, BAC agrees not to take any action or to make or permit to be made any public statement denying, directly or indirectly, the statements in the Statement of Facts or any allegation in the complaints filed in the Actions or creating the impression that the statements in the Statement of Facts or the allegations in the complaints are without factual basis. If BAC breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore the Actions to its active docket. Nothing in this paragraph affects BAC's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal inquiries, investigations or proceedings in which the Commission is not a party. BAC's acknowledgement in this paragraph that there is an evidentiary basis for the statements in the Statement of Facts is not an admission as to the truth of any such statements or any inferences or legal conclusions based on such statements. BAC's acknowledgement does not bind BAC to such statements or any inferences or legal conclusions based on such statements in any other litigation or proceeding.

15. Defendant BAC hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by BAC to defend against this action. For these purposes, BAC agrees that it is not the prevailing party in this action since the parties have reached a good faith settlement.

16. Defendant BAC agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

17. Defendant BAC agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: FEBRUARY 23, 2010

BANK OF AMERICA CORPORATION

By: _____
Title: GENERAL COUNSEL
Address: 100 N. TRYON CHARLOTTE, NC 28255

On FEB. 23, 2010, EDWARD P. O'KEEFE, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Bank of America Corporation as its GENERAL COUNSEL.

Notary Public BRENDA MARESKI
Commission expires: MARCH 2, 2011

[Seal: BRENDA MARESKI Notary Public MECKLENBURG CO. NC]

16

Approved as to form:

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Lewis J. Liman
Mitchell A. Lowenthal
Shawn J. Chen
Victor L. Hou
   One Liberty Plaza
   New York, New York 10006
   Tel: (212) 225-2000
   Fax: (212) 225-3999

-and-

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: _____
Brad S. Karp
Theodore V. Wells, Jr.
Mark F. Pomerantz
Daniel J. Kramer
   1285 Avenue of the Americas
   New York, New York 10019-6064
   Tel: (212) 373-3000
   Fax: (212) 757-3990
Attorneys for Defendant Bank of America Corporation

Dated: __2/24/__, 2010

_____
JED S. RAKOFF, U.S.D.J.